OPINION
On April 14, 1999, the Stark County Grand Jury indicted appellant, James E. King, Jr., on one count of receiving stolen property in violation of R.C. 2913.51. A jury trial commenced on May 17, 1999. The jury found appellant guilty as charged and found the property involved was a license plate. By judgment entry filed May 21, 1999, the trial court sentenced appellant to eleven months in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I APPELLANT'S CONVICTION ON ONE COUNT RECEIVING STOLEN PROPERTY IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
Appellant claims the verdict was against the manifest weight and sufficiency of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was convicted of receiving stolen property in violation of R.C. 2913.51: "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." The jury made a specific finding that the property involved was a license plate. On March 8, 1999, Alice Klingaman reported her rear license plate had been stolen from her vehicle while it was parked in the Ames Plaza parking lot on Everhard Road in Stark County, Ohio. T. at 80-81. Ryan Theiss, an individual working the Goodwill Industries trailer in the Ames parking lot, testified he observed a blue Honda pull into the parking lot near Ms. Klingaman's vehicle. T. at 85. A black male exited the Honda and removed Ms. Klingaman's license plate. Id. Mr. Theiss did not identify appellant as that individual. T. at 88. On March 15, 1999, Stark County Sheriff Deputy Douglas Wedman was dispatched to investigate a disabled vehicle. T. at 95. Upon arriving at the scene, Deputy Wedman found appellant near a blue Honda stuck in the mud. T. at 96-97, 101. Appellant told Deputy Wedman the vehicle belonged to him. T. at 98, 105. Deputy Wedman assisted appellant by calling a tow truck to remove the vehicle from the mud. T. at 100. Deputy Wedman observed the front license plate did not match the back license plate. T. at 102. Deputy Wedman called dispatch and discovered the front license plate had been reported stolen. T. at 103. When questioned about the license plate, appellant denied any knowledge of it. T. at 103-104. The title to the vehicle was in the name of Victoria Ardiles, but it had been signed over to appellant approximately four weeks earlier. T. at 105-106. We note appellant had possession of the vehicle during the time a similar vehicle was observed at the scene of the theft of Ms. Klingaman's license plate, some seven days prior to the license plate's recovery. Upon review, we find sufficient credible evidence to support appellant's conviction for receiving stolen property and no manifest miscarriage of justice. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 _______________________________ Farmer, P.J.
WISE, J. and READER, V.J. CONCUR.